# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Case No. 2:15CR00009 |
| v. | ) | OPINION |
| | ) | |
| MARIO ANTWAINE HOLIFIELD, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Mario Antwaine Holifield, Defendant Pro Se.*

The defendant, Mario Antwaine Holifield, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

After pleading guilty pursuant to a written plea agreement, the defendant was sentenced by this court on January 5, 2016, to a total term of 188 months imprisonment, consisting of 60 months on Count One of the Indictment, 188 months on Count Two, 60 months on Count Eight, and 188 months on Count Nine, all to run concurrently. Count One charged the defendant with possessing marijuana in prison, in violation of 18 U.S.C. § 1791(a)(2) and (d)(1)(B); Count Two charged him with possessing methamphetamine in prison, in violation of 18 U.S.C. § 1792(a)(2) and (d)(1)(c); Count Eight charged him with possessing with

intent to distribute and distributing marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); and Count Nine charged him with possessing with the intent to distribute and distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). At the defendant's change of plea hearing, the government proffered a summary of the evidence in support of these charges, which the defendant stated that he did not dispute. The summary was as follows:

> [O]n September 27, 2014 at USP Lee, a federal prison located in Lee County, Virginia, which is in the Western District of Virginia, the defendant, being a federal inmate, entered the visitation room and kissed co-defendant Brittney Hooks, receiving from her and swallowing seven balloons containing 11 grams of methamphetamine and two grams of marijuana which were prohibited objects within the prison. He received the methamphetamine and marijuana with the intent to distribute it within the prison.

Plea Hr'g Tr. 12, Sept. 22, 2015, ECF No. 88.

In his § 2255 motion, the defendant asserts two grounds. First, he contends that his counsel was ineffective in negotiating his plea agreement by (1) advising him to agree that his two prior Alabama manslaughter convictions were crimes of violence rendering him eligible for a career offender enhancement under the applicable sentencing guideline; (2) failing to advise him that he could be sentenced to longer than the agreed-upon recommendation of 102 months; and (3) failing to advise him that he was waiving his right to appeal. Second, Holifield asserts that his counsel was ineffective at sentencing because she (1) failed to explain that he was forced to bring drugs into prison by a gang, and (2) failed to

explain that one of his manslaughter convictions was for a killing committed in the heat of passion and the other was allegedly an accident.

Holifield directly appealed his sentence, arguing that after *Johnson v. United States*, 135 S. Ct. 2551 (2015), the career offender guidelines' definition of crime of violence was unconstitutionally vague. The court of appeals dismissed his appeal, noting that (1) the Alabama manslaughter statute corresponded to the generic definition of manslaughter set forth in the Sentencing Guidelines; (2) the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886 (2017), that the Sentencing Guidelines could not be unconstitutionally vague because they are discretionary; and (3) Holifield had knowingly and voluntarily waived his right to appeal. *United States v. Holifield*, 683 F. App'x 256 (4th Cir. 2017) (unpublished).

On June 2, 2017, shortly after the dismissal of the appeal, Holifield's counsel in the prosecution and on appeal, an Assistant Federal Public Defender for this district, wrote Holifield a letter enclosing a form for filing the present § 2255 motion. She stated that she should have negotiated a binding plea agreement for a specific sentence and that she should have negotiated a plea agreement under which Holifield did not waive his appeal rights. She further stated that it was not clear that Holifield would qualify as a career offender, as the plea agreement stipulated. Moreover, she stated that she had been ineffective at sentencing in failing to adequately explain the circumstances of Holifield's prior criminal

history, in particular his two manslaughter convictions, as well as the reason he had smuggled drugs into prison. She told Holifield that he could attach her letter to his § 2255 motion, which he did.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but

for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted). Holifield testified under oath at his change of plea hearing that he understood he was waiving his right to appeal and that he understood he could receive a sentence higher than the agreed-upon recommendation of 102 months. Therefore, any failure of his counsel to advise him of these points clearly did not prejudice him.

Even had Holifield not agreed to waive his right to appeal, his direct appeal based on *Johnson* would have been unsuccessful because, as the court of appeals noted, Alabama manslaughter meets the definition of generic manslaughter set forth in U.S. Sentencing Guidelines Manual ("USSG") § 4B1.2(a)(2), which lists voluntary manslaughter as a crime of violence for purposes of USSG § 4B1.1, the career offender guideline. Moreover, as the court of appeals also noted, after Holifield's sentencing, the Supreme Court held in *Beckles* that the Sentencing Guidelines are not subject to vagueness challenges. Therefore, any deficiency on

the part of his counsel in negotiating a plea agreement that waived Holifield's appeal rights did not prejudice him.

As to counsel's alleged errors at sentencing, the circumstances surrounding Holifield's prior manslaughter convictions were set forth in the Presentence Investigation Report ("PSR"), so I was aware of them and considered them when deciding on Holifield's sentence. Furthermore, Holifield has produced no evidence that his second manslaughter was in fact accidental, as he argues in his motion. The PSR also reported that Holifield claimed that gang members threatened to harm him if he did not smuggle drugs into prison. I considered this information as well. Counsel's decision not to further explain these details in a sentencing memorandum or orally at the sentencing hearing did not prejudice Holifield.

As I stated on the record at sentencing, I did not feel that the agreed-upon recommended sentence met the factors I was required to consider. In particular, I did not believe a 102-month sentence of incarceration would afford adequate deterrence to the defendant's future conduct or protect the public from further crimes by the defendant. I noted that Holifield had a long and serious criminal history that began at a young age. I found that he was "certainly a career criminal" and concluded that a sentence at the high end of the guideline range was appropriate. Sent. Hr'g. Tr. 9, ECF No. 82. Further explanation of Holifield's

crimes by his counsel would not have changed the sentence I issued.  Thus, Holifield has failed to demonstrate prejudice as required by *Strickland*.

For these reasons, the United States' Motion to Dismiss will be granted and the § 2255 motion will be dismissed.  A separate final order will be entered herewith.

DATED: February 20, 2019

/s/  James P. Jones
United States District Judge